IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STACY L. BERTETTO,** as the Personal
Representative of the Estate of Richard M.
Bertetto, and **STACY BERTETTO** and
**MARK A. BERTETTO**, individually,

                    **Plaintiffs ,**

vs.                                                                                    Civ. No. 06-1136 JCH/ACT

**EON LABS, INC., F/K/A/ EON LABS
MANUFACTURING, INC., SANDOZ
INC., F/K/A/ GENEVA PHARMACEUTICALS,
INC.,**
                    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two matters: Defendants' *Corrected Objections to the Court's Order Granting Plaintiff's Cross Motion for Entry of a Protective Order* [Doc. no. 76] and Defendants' *Motion for Leave to File Late Reply in Support of Appeal of Entry of Protective Order* [Doc. no. 73], both filed on November 1, 2007.[1]  The Court finds that Defendants' objections to the breadth of the discovery sharing provision of the protective order entered in this

---

[1]The Court held a hearing on these two matters on May 20, 2008.  Although the Court sent electronic notice of the hearing to all attorneys for both parties on May 9, 2008, Plaintiffs' counsel was not present at the hearing.  At the time of the hearing, the Court endeavored to reach any member of Plaintiffs' counsel, either primary counsel or local counsel, but was unable to speak with anyone connected with the case.  The Court has since received a letter from Plaintiffs' primary counsel indicating that no one in their office was aware of receiving notice and that, although Plaintiffs' local counsel received notice, he did not speak with primary counsel about the hearing, because he assumed primary counsel would be the only one attending.  The Court wants to make clear that its decision today is based on its careful review of the voluminous briefing of these matters by both parties, and not in any way influenced by the lack of attendance of Plaintiffs' counsel at the hearing.

case [¶ 7(d) of Doc. no. 50] are well taken, and the protective order will be modified to strike this provision and any references to it.  The Court also finds that the additional arguments that Defendants seek to bring before the Court through their *Motion to File Late Reply* [Doc. no. 73] and associated supplemental filing [Doc. no. 82] are untimely and also rendered moot by the Court's ruling on the objections, and that motion will therefore be denied.[2]

## DISCUSSION

The primary issue before the Court concerns an information-sharing provision in a protective order that Defendants allege is too broad to enable them to protect their confidential business information from those who do not have the right to access it.  Plaintiffs in the product liability case underlying this dispute have alleged an injury caused by a generic medication manufactured by Defendants.  The parties attempted to negotiate a protective order governing discovery in this matter, and they were successful in doing so, with one exception.  Plaintiffs sought a provision that would enable them to share discovery obtained from Defendants with any other attorneys that sued Defendants anywhere in the United States for injuries allegedly caused by the medication manufactured by Defendants.  Defendants claimed that such an information-sharing provision would harm them because it would enable plaintiffs in other cases to obtain Defendants' confidential business information without a court's order or supervision and without notification to Defendants.

Ultimately, the contested provision was included as paragraph 7(d) of the protective order that was entered in this case [Doc. no. 50].  In relevant part, paragraph 7(d) of the protective order

---

[2]The Court notes that, although Defendants filed supplemental materials [Doc. no. 82] without receiving leave from the Court, these materials were not considered by the Court in arriving at its decision in this matter.

provides that confidential discovery documents could be disclosed or released to:

> Any attorney for claimants in other pending U.S. litigation alleging personal injury from the alleged use of bupropion manufactured by Eon for use in this or such other action, provided that the proposed recipient is:
>     i. Already operating under a protective order analogous to this one, or
>     ii. Agrees to be bound by this Order and signs the certification described in Paragraph 8 of this Order.

The Magistrate Court, explained its reasoning for including the information-sharing language in a brief Memorandum and Order [Doc. no. 47]. The Court said that the Tenth Circuit has ruled that when a party opposing disclosure does not suffer prejudice to its substantial rights, collateral litigants should have access to confidential materials in order to promote judicial efficiency, relying upon language in *United Nuclear Corp. v. Cranford*, 905 F.2d 1424, 1428 (10th Cir. 1990) ("where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.").

The Magistrate Court determined that the information-sharing provision did not affect Defendants' control over their confidential information because it afforded access "only to identified persons who would gain access to this same information by way of discovery in other pending lawsuits." *Doc. no. 47* at 2. The Court also found that the provision was narrow and would not permit disclosure to competitors or unknown attorneys, and that, therefore, the Defendants had not shown that they would be harmed or prejudiced in any manner by the provision. The Court concluded that the provision "permits an efficient and effective manner to share discovery without further judicial intervention and thus comports with Fed. R. Civ. P. 1,

which states that the Rules are to be 'construed to secure the just, speedy, and inexpensive determination of every action.'"

Under Fed. R. Civ. P. 72(a), a District Court should modify or set aside a portion of a Magistrate Judge's order on a nondispositive matter only if it finds that the order "is clearly erroneous or is contrary to law." An order is clearly erroneous when, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

This Court is extremely loathe to modify a Magistrate Judge's order on a discovery matter, and is certainly not attempting to substitute its judgment for the Magistrate Judge's on the best manner to manage discovery in this case. However, for the reasons detailed below, the Court believes that paragraph 7(d) of the protective order is contrary to Tenth Circuit law and must be stricken from the protective order.

The language in *United Nuclear* cited by the Magistrate Court makes sense in the context of that case, but not in this one. The context of *United Nuclear* was that of a collateral party petitioning the court for a modification of an existing protective order to enable the collateral party to receive materials that had already been disclosed to the initial plaintiff in the litigation. Thus, an actual collateral party had to meet court approval in order to receive the discovery materials. In this case, the Plaintiffs are preemptively seeking discovery for potential future plaintiffs, and no collateral party even exists yet. Under the information-sharing provision of paragraph 7(d), the court would be abdicating its role in approving future discovery (as well as potentially usurping a collateral court's role in managing discovery in a collateral case) rather

4

than deliberately choosing to modify an existing agreement.  The lack of oversight by any court over the sharing of Defendants' confidential business information by Plaintiffs makes this case completely different from *United Nuclear*.

It is also far from clear that the provision would "place [collateral] litigants in a position they would otherwise reach only after repetition of another's discovery."  A collateral suit could be dismissed for any number of reasons prior to discovery, or the full extent of the information given to the current Plaintiffs might go to issues not relevant in the collateral suit, and therefore would not be available to the collateral plaintiffs if they had to go through a standard discovery process.  Because the provision would result in dissemination of Defendants' confidential information being removed from any meaningful court oversight and left completely in the hands of the Plaintiffs' attorneys, and such information would be available to any plaintiff who simply filed a suit against Defendants, regardless of the suit's merits or the relevance of the materials to the suit, the Court finds that the provision would "tangibly prejudice substantial rights" of Defendants, as prohibited under *United Nuclear*.

Most importantly, the *United Nuclear* court, appearing to recognize the potential danger of an open-ended discovery grant that would purport to apply to collateral litigants not currently before the district court, wrote that "a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation."  905 F.2d at 1428.  The court further recognized that "questions of the discoverability in the [collateral] litigation of the materials discovered in [this] litigation are, of course, for the [collateral] courts."  *Id*. (quoting *Superior Oil Co. v. American Petrofina Co.*, 785 F.2d 130, 130 (5th Cir. 1986).  The court also noted that if the defendant were a party to a collateral suit, it

would "have both the interest and standing to raise in those courts any relevancy or privilege objections to the production of any materials." *Id*. Thus, granting discovery of Defendants' privileged materials to as-yet unnamed plaintiffs without any court supervision would appear to directly contradict *United Nuclear*. Far from providing "an efficient and effective manner to share discovery without further judicial intervention," the provision would almost inevitably force Defendants to seek a ruling from a collateral court to contest the scope of discovery, assuming that it was not too late because the confidential information had already been passed to the collateral plaintiff by the Plaintiffs' attorneys in this case. As recognized by the *United Nuclear* court, this action in a collateral court could potentially result in conflicting rulings between the districts if this Court ordered the sharing of the information through the provision at issue and the collateral court prohibited such sharing.

Because the Court is modifying the protective order by striking paragraph 7(d), it is also removing the reference to paragraph 7(d) in paragraph 8. All other provisions in paragraph 8 (governing the confidentiality of the identity of those receiving materials) remain intact. Additionally, the Court notes that the protective order refers to paragraph 7(i) in paragraph 7(h)(3) and paragraph 8. Because the protective order as filed does not actually contain a paragraph 7(i), those references will be removed as well in the subsequent modification.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Protective Order entered on September 13, 2007 [Doc. no. 50] be modified to strike paragraphs 7(d) and 7(h)(3) as well as references to paragraphs 7(d) and 7(i) in paragraph 8. The otherwise unaltered Protective Order will be replaced on the Docket as an Amended Protective Order. In addition, Defendant's *Motion for Leave to File Late Reply*

6

*in Support of Appeal of Entry of Protective Order* [Doc. no. 73] is DENIED.

								_____
								**UNITED STATES DISTRICT JUDGE**